THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHESTER KOTARSKI, Appellant.— Appeal from an order of a Special Term, Supreme Court, Fulton County, which denied a petition for a writ of error *coram nobis*. This *coram nobis* proceeding is addressed to a judgment of the Supreme Court in Montgomery County in 1937 and a trial of the merits of the proceeding has resulted in a dismissal of the petition. The maximum sentences imposed on the defendant, which ran consecutively, were of unusual severity for a first offender. As the issue developed on the trial of this proceeding, it became clear that the central problem to be explored was whether the defendant at the time of his plea of guilty and sentence, both of which occurred the same day, was then represented by James A. Leary, a lawyer. The defendant testified that at the time of his arraignment, January 26, 1937, which was five days before the plea of guilty, he told the court his mother was attempting to retain Mr. Leary. The clerk's minutes state that on January 26 Mr. Leary was noted as one of the "attorneys", listed without differentiation, for a group of six defendants, of which this defendant was listed as one, and stated that these defendants were not arraigned. On the day of plea and sentence, February 1, the minutes show the law firm of Leary and Fullerton as "counsel assigned" for defendant Kotarski. The sentencing Judge testified that he had not assigned any counsel; and his recollection was not clear as to whether defendant was represented by Mr. Leary. A former Assistant District Attorney testified that Mr. Leary represented the defendant and was personally in court. The defendant, however, testified he had never seen or consulted with Mr. Leary and that he was not in court when his plea was entered; defendant's mother testified to the same effect; and the only surviving lawyer of the two who represented other defendants at the time of plea and sentence, testified unequivocally that Mr. Leary did not appear for defendant in court at that time. Mr. Fullerton, the partner of Mr. Leary, has filed an affidavit to the effect that the law office kept records of all appearances and that there is no entry that the firm or anyone from the firm at any time ever appeared for the defendant. Finally, Mr. Leary himself filed an affidavit in which in the most unequivocal and unconditional terms he swears that he never appeared for or represented the defendant. The District Attorney stated to the Judge on the hearing in this proceeding that he had talked with Mr. Leary on the telephone and that "he is willing to have the affidavit of Mr. Leary * * * received in evidence and made part of the record in lieu of taking the testimony of Mr. Leary". This seems to us to amount to an acceptance by the District Attorney as credible the clearly stated fact by Mr. Leary himself that he had not been defendant's counsel. This was a vital issue on the trial of the *coram nobis* proceeding and we are of opinion that the finding must be made on this record that defendant was not represented by Mr. Leary. It is nowhere suggested he had any other lawyer. On the appeal from the order the District Attorney neither filed a brief nor made any argument in support of the

determination; but stated, merely, that he rested on the record. Order reversed and judgment of conviction vacated. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.